

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

No. 08-26-00256-CV

In the interest of J.R.C.-A., a child

On Appeal from the 383rd District Court
El Paso County, Texas
Trial Court No. 2019DCM3090

## MEMORANDUM OPINION

Appellant, John Richard Corbin, filed a notice of restricted appeal from the trial court's June 23, 2026 judgment, but has neither paid the appellate filing fees nor established a right to proceed without payment of costs. *See* Tex. R. App. P. 5, 20.1; *see also* Tex. Gov't Code §§ 51.207, 51.208, 51.851(b), 51.941(a); Order Regarding Fees Charged in the Supreme Court, in Civil Cases in the Courts of Appeals, Before the Judicial Panel on Multi-District Litigation, and in the Business Court, Misc. Docket No. 24-9047 (Tex. July 26, 2024).

Under the Texas Rules of Appellate Procedure, the fees for appealing to a court of appeals are due at the time a notice of appeal is presented for filing. *See* Tex. R. App. P. 5. On June 29, 2026, the Clerk of this Court notified Corbin that this appeal could be dismissed if he failed to pay the filing fees by July 9, 2026. The Clerk further notified Corbin that the failure to comply with a Texas Rule of Appellate Procedure, an order of this Court, or a notice from the Clerk requiring a response within a specified time could result in dismissal of this appeal.

Because Corbin neither paid the filing fees nor otherwise responded to the Clerk's notice, we dismiss this appeal for want of prosecution.[1] *See* Tex. R. App. P. 5, 42.3(c).

LISA J. SOTO, Justice

July 28, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Additionally, as we noted in our July 9, 2026 order, Corbin's notice of restricted appeal was late but filed within 15 days of the deadline for filing the notice of restricted appeal. *See* Tex. R. App. P. 26.1(c). In our order, we explained that a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1 but within the 15-day grace period provided by Rule 26.3. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.) (concluding that the notice of appeal, which was filed beyond the deadline for a restricted appeal but within the 15-day extension period, was timely when the appellant provided a reasonable explanation for the late filing). However, as we explained, an appellant still must provide the Court with a reasonable explanation for the late-filed notice of appeal. *Garcia v. Westex Cmty. Credit Union*, No. 08-26-00112-CV, 2026 WL 1026955, at *1 (Tex. App.—El Paso April 15, 2026, no pet.) (mem. op.). To date, Corbin has not filed a reasonable explanation for the late-filed notice of appeal. Accordingly, we also lack jurisdiction because the notice of appeal was not timely filed. *See* Tex. R. App. P. 42.3(a), (c).